PIERSOL, Senior District Judge,
dissenting:
I respectfully dissent. Under the totality of the circumstances, even reducing the analysis to the newly considered one minute and forty-six second time period, I conclude that from the totality of the circumstances, a reasonable person would have believed that he was not free to leave the interrogation from its outset. No one factor is controlling, but the overriding police presence inside and outside of the police van used for interrogation and parked at the house weighs heavily in evaluating the totality of the circumstances in this case.
In United States v. Craighead, 539 F.3d 1073, 1082 (9th Cir.2008), this Court considered, among other things, four factors in determining that law enforcement dominated the scene at defendant’s house to the extent that the defendant was in custody and that his statements should be suppressed: “(1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point' restrained, either by physical force or by threats; (3) whether the suspect was isolated from others; and (4) whether the *661 suspect was informed that he was free to leave or terminate the interview and the context in which any such statements were made.” Id. at 1084. See also United States v. Brobst, 558 F.3d 982 (9th Cir.2009) (domination of scene by law enforcement officers weighed in favor of custody finding in a two minute interrogation at his house). Here, the location of Martinez’s interrogation was taken over by police. From the outset there were at least five police cars and a police van at the house where Martinez was living with his girlfriend. There were six armed officers and two in plain clothes at the scene when Martinez arrived. No one told Martinez he was free to leave. The sliding door on the police interrogation van was closed and an officer blocked the other door in the confined quarters of the van. The video shows that the three men and the furniture filled up the room in the van. No one was present at the house or in the van other than Martinez and the eight police officers so Martinez was isolated. It is agreed that the questioning itself was police dominated and directed but was not confrontational. Accordingly, three of the four factors set forth in United States v. Craighead indicate custody. One of those three factors weighs especially heavily, the overwhelming police presence at defendant’s residence from the time he arrived. As a result, under the totality of the circumstances, a reasonable person would not have concluded he was free to leave the van, and I would affirm the district court’s suppression of Martinez’s statements.